UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JEFFREY STEINBERG,

                 Plaintiff,

      -against-

KATHI VIDAL, *Performing the Functions and Duties of the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office*,

                 Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-4971 (JMA) (AYS)

**AZRACK, United States District Judge:**

Before the Court is the application to proceed in forma pauperis ("IFP") filed by Jeffrey Steinberg together with his pro se complaint. (See ECF Nos. 1–2.)[1] For the following reasons, the application to proceed IFP is denied and Plaintiff is ordered to remit the $402.00 filing fee within fourteen days in order for this case to proceed.

The purpose of the in forma pauperis statute is to ensure that indigent persons have equal access to the judicial system. See Davis v. NYC Dep't of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citation omitted). To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co.,

---

[1] Although Plaintiff is a law school graduate (see Compl., at Ex. III, ECF No. 1 at 31), given that he is representing himself in this case, he is considered a pro se litigant rather than represented by counsel. This distinction is relevant to whether Electronic Filing is required for his submissions to the Court. In light of Plaintiff's pro se status, Electronic Filing is not required and the Court shall timely process Plaintiff's filings on his behalf and shall mail hard copies of the Court's orders and other communication to Plaintiff at his address of record. Notably, below the signature line on the complaint Plaintiff wrote: "Your Honor is hereby requested to Authorize 'TCS Privileges' on the above listed PACER Account." (ECF No. 1 at 18.) To the extent Plaintiff seeks ECF filing privileges, he shall file a letter with that request and indicate the reason such privileges are required. If granted, the Court will no longer accept or send hard copies from or to Plaintiff. Any renewed application for ECF filing privileges shall make clear Plaintiff's understanding and acceptance of this responsibility.

335 U.S. 331, 339 (1948) (internal quotation marks omitted). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citation omitted). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application makes clear that he can remit the filing fee and still provide himself with the necessities of life. (See ECF No. 2.) Plaintiff reports that, in the past 12 months, he has been receiving monthly income in the sum of $5,118 from Social Security disability benefits and a pension. (Id. ¶ 3.) He reports having $366.78 in cash or in an account and no dependents. (Id. ¶¶ 4, 7.) Plaintiff does not report owning any item of value, yet he lists a "leased auto" without any regular monthly expenses associated therewith such as a lease payment, insurance, or gasoline. (Id. ¶¶ 5–6.) The only reported regular monthly expenses are for a mortgage ($2,162.48), an IRS payment for 2021 taxes ($200.00), and utilities ($308.68). (Id. ¶ 6.) Plaintiff reports owing approximately $9,000.00 in credit card debt and includes the remaining balance on his mortgage. (Id. ¶ 8.)

Given that Plaintiff's reported income exceeds his reported expenses by approximately $2,447, the Court finds him disqualified for IFP status. Indeed, even if Plaintiff's disability pension were reduced by $1,300 per month as Plaintiff reports "will" happen—with no information concerning when the decrease will take effect—his income would still exceed his expenses by approximately $1,147 per month. Accordingly, the application to proceed IFP is denied and Plaintiff is directed to remit the $402.00 filing fee within fourteen days of the date of this Order. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the Complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure

41(b).[2]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of Court shall mail a copy of this Order to the Plaintiff at his address of record.

**SO ORDERED**.

Dated: September 6, 2022
       Central Islip, New York                    /s/ (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE

---

[2]  Plaintiff is cautioned that there are no refunds of the filing fee once paid, regardless of the outcome of the case.  Accordingly, Plaintiff is well-advised to consider the merit of his claims as well as any threshold issues such as any limits on the Court's jurisdiction to adjudicate his claims.  Plaintiff is encouraged to avail himself of the free resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School and may reach the Program by telephone at 631-297-2575 or by e-mail at PSLAP@hofstra.edu.