UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JEFFREY SCOTT STEINBERG,

                                  Plaintiff,

-against-

KATHI VIDAL, *Performing the Functions and
Duties of the Under Secretary of Commerce for
Intellectual Property and Director of the United
States Patent and Trademark Office,*
600 Dulany Street Alexandria, VA 22314,

                                  Defendant.
-----------------------------------------------------------------------X

**FILED**
**CLERK**
12:19 pm, Nov 07, 2022
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
22-CV-04971 (JMA) (AYS)

**AZRACK, United States District Judge:**

    Plaintiff Jeffrey Scott Steinberg commenced this disability discrimination action against his former employer, the Director of the United States Patent and Trademark Office ("USPTO" or "Defendant"), pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (ECF No. 1.) He now seeks leave to amend his complaint to assert a claim against Defendant pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (ECF No. 12.) For the following reasons, Plaintiff's motion is DENIED.

### I. LEGAL STANDARD

    Leave to amend a pleading should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[l]eave to amend may properly be denied if the amendment would be futile[.]" Krys v. Pigott, 749 F.3d 117, 134 (2d Cir. 2014) (citation omitted). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." F5 Capital v. Pappas, 856 F.3d 61, 89 (2d Cir. 2017) (citation omitted).

## II. DISCUSSION

Plaintiff's motion must be denied. His proposed ADA claim suffers from a simple, but fatal, flaw: the ADA does not apply to federal government agencies like USPTO. See 42 U.S.C. § 12111(5)(B)(i) (expressly excluding the United States from the definition of "covered" employers). As the Second Circuit has explained, a former federal government employee "has no remedy for employment discrimination under the ADA. His sole claim for discrimination on the basis of disability is under the Rehabilitation Act, if anywhere." Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998) (internal citation omitted). See also Henry v. McDonald, 531 F. Supp. 3d 573, 588 (E.D.N.Y. 2021) (construing pro se plaintiff's disability discrimination claim against federal government agency to be made pursuant to Section 504 of the Rehabilitation Act rather than ADA); Babin v. Dep't of the Treasury, No. 20-CV-2702 (JMA) (SIL), 2021 WL 5860595, at *13 (E.D.N.Y. Dec. 9, 2021) ("Plaintiff's ADA claim cannot survive because Title I of the ADA does not apply to employees of federal agencies."), report and recommendation adopted, 2022 WL 79814 (E.D.N.Y. Jan. 7, 2022). Accordingly, Plaintiff's proposed ADA claim "could not withstand a motion to dismiss." F5 Capital, 856 F.3d at 89. As amendment would be futile, Plaintiff's motion is denied.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to amend his complaint is DENIED.

**SO ORDERED.**

Dated: November 7, 2022
Central Islip, New York

                                          /s/ (JMA)
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE