UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEFFREY SCOTT STEINBERG,

                                              Plaintiff,

                    -against-

KATHI VIDAL, Performing the Functions and Duties
of the Under Secretary of Commerce for Intellectual
Property and Director of the United States Patent and
Trademark Office,

                                              Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**FILED
CLERK**

3/31/2026 10:11 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

<u>**ORDER**</u>
22-cv-4971 (JMA) (AYS)

**AZRACK, United States District Judge:**

On August 22, 2022, <u>pro se</u> Plaintiff Jeffrey Scott Steinberg brought this action against his former employer, the United States Patent and Trademark Office (the "PTO"). On September 13, 2022, Plaintiff filed an Amended Complaint alleging disability discrimination and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794. (ECF No. 8 ("Am. Compl.").) On April 18, 2025, Defendant moved for summary judgment. (ECF No. 42.) The Court presumes familiarity with the facts and background of this case.

In a Report and Recommendation issued on February 21, 2026 (the "R&R"), Magistrate Judge Anne Y. Shields recommended that Defendant's motion for summary judgment be granted. (ECF No. 47.) Plaintiff filed objections to the R&R on March 3, 2026. (ECF No. 49). On March 19, 2026, Defendant filed a response to Plaintiff's objections. (ECF No. 51.) For the reasons stated below, the Court ADOPTS the R&R in its entirety and grants Defendant's motion for summary judgment.

## I.    LEGAL STANDARDS

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); <u>see</u> Fed. R. Civ. P.

1

72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a <u>de novo</u> determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); <u>see</u> Fed. R. Civ. P. 72(b)(3) (similar); <u>see also</u> <u>United States ex rel. Coyne v. Amgen, Inc.</u>, 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), <u>aff'd</u>, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. <u>See, e.g.</u>, <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." <u>Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.</u>, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).

## II.   DISCUSSION

Judge Shields recommended that Defendant's motion for summary judgment be granted in full.

Plaintiff objects to the portions of the R&R that addressed his disability discrimination and reasonable accommodation claims and recommended that Defendant be granted summary judgment on those claims. After conducting a <u>de novo</u> review of the full record and applicable law, the Court agrees with Judge Shields's well-reasoned and thorough recommendations and rejects Plaintiff's objections.

First, regarding Plaintiff's discrimination claim, Judge Shields concluded that no facts in the record show a causal relationship between Plaintiff's disability and any adverse employment action taken against him. (See R&R at 25.) Plaintiff objects, contending that a reasonable factfinder could conclude that his traumatic brain injury affected his "ability to articulate his concerns and calmly express the issues" to his supervisor, and that this aspect of his disability "was purposely used to destroy his professional career." (ECF No. 49 at 2.) However, as Judge Shields

correctly explained, Plaintiff did not identify any facts supporting an inference of discrimination. Without more, a personal conflict between an employee and his supervisor is "insufficient to support the showing of discriminatory intent necessary to defeat Defendant's motion."  (R&R at 25 (citing Yusuf v. Vassar Coll., 35 F.3d 709, 714 (2d Cir. 1994); Ochei v. The Mary Manning Walsh Nursing Home Co., Inc., 2011 WL 744738, at *2–3 (S.D.N.Y. 2011)).)

Second, regarding Plaintiff's failure to accommodate claim, Judge Shields concluded that Defendant never failed to accommodate any reasonable request related to Plaintiff's disability. (See R&R at 26–27.)  Plaintiff objects, arguing that errors that resulted from a technological problem were never cleared from his record, "thereby leaving unreasonable pressure upon the Plaintiff . . . clearly in contravention of the express Recommendations of Dr. Dams O'Connor." (ECF No. 49 at 2.)  Here, Plaintiff appears to refer to Dr. Dams-O'Connor's recommendation that "[a] shift in reporting structure may be beneficial to the extent that interpersonal stressors continue to impact work performance."  (Am. Compl. ¶ 29; see also ECF No. 42-16.)  Plaintiff submitted this recommendation along with his March 7, 2017 request to be reassigned to a new supervisor. (See Am. Compl. ¶ 28; ECF No. 42-15).  As Judge Shields noted, the PTO attempted to find Plaintiff a different position, but was unable to identify a suitable one.  (R&R at 12.)  Plaintiff also tried and failed to identify an appropriate alternative position.  (Id.)  The Rehabilitation Act does not require reassignment where there is no suitable vacant position.  See Baker v. MTA Bus Co., No. 18-cv-12231, 2023 WL 4896686, at *27 n. 8, *30  (S.D.N.Y. Aug. 1, 2023) (explaining, in the context of an Americans with Disabilities ("ADA") claim, that reassignment is not required where there is no suitable vacant position, and noting that failure to accommodate claims brought under the Rehabilitation Act are evaluated under the same standard) (citing Laguerre v. Nat'l Grid USA, No. 20-3901, 2022 WL 728819, at *2 (2d Cir. Mar. 11, 2022)).

Accordingly, this Court agrees with Judge Shields that Plaintiff's discrimination and reasonable accommodation claims fail as a matter of law.

Plaintiff does not object to the R&R with respect to any of his other claims. This Court finds no clear error in the remaining portions of the R&R and, accordingly, grants Defendant's motion for summary judgment in its entirety.

### III.    CONCLUSION

For the foregoing reasons, the Court rejects Plaintiff's objections and ADOPTS the R&R as the opinion of the Court. Accordingly, Defendant's motion for summary judgment is GRANTED and the Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:    March 31, 2026
          Central Islip, New York

                                        /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE